1   Shana Lazerow, State Bar No. 195491
    Philip Huang, State Bar No. 230115
2   COMMUNITIES FOR A BETTER ENVIRONMENT
    1440 Broadway, Suite 701
3   Oakland, California 94612
    Tel: (510) 302-0430
4   Fax: (510) 302-0438

5   Attorneys for Plaintiff
    COMMUNITIES FOR A BETTER ENVIRONMENT

6

7

8                    UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  COMMUNITIES FOR A BETTER              Case No. C 07 02768 JCS
13  ENVIRONMENT, a California non-profit
    corporation;
14                                        JOINT CASE MANAGEMENT
              Plaintiff,                  CONFERENCE AND FED. R. CIV. P. 26(f)
15                                        REPORT
        vs.
16                                        Judge:  Hon. Joseph C. Spero
    ACTION METAL RECYCLING, INC., a
17  California corporation                Case Mgmt. Conf. Date:   August 31, 2007
                                          Case Mgmt. Conf. Time:  1:30 p.m.
18            Defendant

19

20

21

22

23

24

25

26

27

28

1    Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rules 16-1 and 16-9, Plaintiff

2    Communities for a Better Environment ("CBE"), and Defendant Action Metal Recycling, Inc.

3    ("Action Metal"), respectfully submit their Case Management Conference Statement and Rule

4    26(f) Report.

**JURISDICTION AND SERVICE**

        This Court has federal subject matter jurisdiction over Plaintiff's claims based on the

Federal Water Pollution Control Act, 33 U.S.C. Section 1251 et.seq. ("Clean Water Act").  The

Clean Water Act includes a requirement that a plaintiff give a defendant sixty days' notice of its

intent to file suit.  Plaintiff sent such notice on November 10, 2006.  There are no unresolved

issues regarding personal jurisdiction or venue, and no additional parties to be served.

**FACTS**

   **A.  Events Underlying Action**

        Plaintiff alleges violations of the Clean Water Act at the Defendant's scrap metal and

plastic recycling plant, located 385 Pittsburg Avenue in Richmond, California ("Facility"),

and seek declaratory and injunctive relief and civil penalties for Defendant's alleged

discharges of pollutants from the Facility into waters of the United States.  Specifically,

Plaintiff alleges that the Defendant have failed to comply with the discharge, monitoring,

reporting, management practice requirements and other procedural and substantive

requirements of the State of California's General Permit No. CAS000001 [State Water

Resources Control Board] Water Quality Order No. 92-12-DWQ, as amended by Order No.

97-03-DWQ ("General Permit").  Plaintiff alleges Defendant became subject to the General

Permit's requirements in 1992, and Plaintiff further alleges Defendant is subject to penalties

for violations of the Order and Clean Water Act for the five years preceding this action.

   **B.  Plaintiff's Factual Assertions**

        Plaintiff asserts that the following facts are both material and true.

1.    The Facility has discharged and continues to discharge storm water with every rain event generating more than 0.1 inches of rain.

2.    The Facility's discharges contain pollutants at concentrations that cause or contribute to violations of water quality standards.

3.    The Facility has discharged and continues to discharge non-storm water to waters of the United States.

4.    The Defendant ~~have~~ has failed to adequately develop and implement a Storm Water Pollution Prevention Plan ("SWPPP") with best management practices ("BMPs") that constitute best available technology and best conventional technology, to reduce or eliminate pollutants in storm water discharges from the Facility so that they do not cause or contribute to violations of water quality standards.

5.    The Defendant has failed to develop and implement an adequate monitoring and reporting program ("MRP") as required by the General Permit.

**C.  Defendant's Factual Assertions**

Defendant asserts that the following facts are both material and true.

1.    There is no evidence of any pollutants being discharged from Defendant's Facility, either by storm water discharge or otherwise.

2.    Defendant's Facility has a SWPPP in place; it fully conforms to best management practices, and it is in full compliance with the requirements of the Clean Water Act.

3.    Defendant's MRP is fully consistent with the General Permit.

**LEGAL ISSUES**

**A.  Plaintiff's Statement of Legal Issues**

In Plaintiff's view, the parties dispute the following legal issues:

1.    Whether the Facility discharges storm water containing pollutants at concentrations in excess of those authorized by the General Permit.

2.    Whether the Facility discharges non-storm water in violation of the General Permit.

3.    Whether the Facility's SWPPPs meet the requirements of the General Permit.

4.    Whether the Defendant have implemented the SWPPPs as required by the General Permit.

5.    Whether the Facility's MRPs meet the requirements of the General Permit.

6.    Whether the Defendant have implemented the MRPs as required by the General Permit.

**B.    Defendant's Statement of Legal Issues**

In Defendant's view, the parties dispute the following legal issues in addition to those addressed above:

1.    Whether Plaintiff has standing to bring its Complaint.

2.    Whether Plaintiff can state a claim under the citizen suit provision of the Clean Water Act (33 U.S.C. Section 1251, et seq.).

**PROCEDURAL HISTORY & MOTIONS**

There are no pending motions.  Plaintiff anticipates moving for summary judgment on the issues where it believes there is no factual dispute.  Plaintiff does not intend to add or delete parties.  Defendant contends that Action Metal anticipates moving for dismissal based upon its belief that Plaintiff does not have standing to pursue this action.

**AMENDMENT OF THE PLEADINGS**

Plaintiff does not intend to amend the pleadings.  Defendant has not yet filed any responsive pleadings in this action.

**DISCOVERY**

**A.    Rule 26(a)(1) Disclosures**

Pursuant to Fed. R. Civ. P. 26(a)(1)(E), the parties have stipulated that they will exchange initial disclosures on or before September 21, 2007.

1

### B.    Plaintiff's Anticipated Discovery

2

Regarding liability, Plaintiff will seek information concerning pollutant and

3

stormwater management practices at the Facility; non-stormwater use and disposal; sampling

4

procedures, practice and results; procedures for developing and updating the Facility's

5

SWPPP and MRP; and other related information as necessary after review of Defendant's

6

initial disclosures.  Regarding penalties, Plaintiff will seek information concerning the

7

Defendant's financial and corporate status; Defendant's history of environmental violations;

8

and other related information as necessary after review of Defendant's initial disclosures.

9

Plaintiff proposes a phased discovery plan, limiting initial discovery to matters

10

relevant to establishing liability under the Clean Water Act and General Industrial

11

Stormwater Permit.  Plaintiff anticipates this discovery can be accomplished as provided

12

under the Federal Rules of Civil Procedure, without need for a more elaborate discovery

13

plan.  Proposed discovery deadlines are set out below, with other proposed case management

14

deadlines.

15

### C.    Defendant's Anticipated Discovery

16

Defendant intends to conduct discovery regarding the information Plaintiff has collected

17

or is otherwise aware of regarding the operation or history, or both, of Defendant's Facility.

18

19

Defendant will also seek discovery regarding Plaintiff's participation in citizen suits brought under

the Clean Water Act and other environmental statutes.

20

21

Defendant agrees with Plaintiff's proposed phased discovery plan, except that Defendant

22

proposes that initial discovery matters shall include, in addition to discovery related to liability,

23

any discovery regarding either parties' previous involvement in similar Clean Water Act litigation

24

or proceedings.  Defendants believe discovery can be carried out pursuant to the Federal Rules of

25

Civil Procedure without any additional provisions.  Defendant joins Plaintiff's proposed discovery

26

and case management schedule, as set forth below, except where noted.

27

### EVIDENCE PRESERVATION

28

The parties have agreed to instruct all their officers, directors, agents, employees, contractors, and consultants in writing to preserve all documents potentially relevant to this case, including not to erase any electronic files or e-mail messages, or otherwise destroy any documents, that concern or relate to compliance with the General Permit at the Facility, including development and implementation of SWPPPs at the Facility, development and implementation of any storm water BMPs at the Facility, research regarding testing or investigation, or both, and all monitoring of storm water and non-storm water discharges from the Facility.

**RELIEF**

**1.    Plaintiff's Request for Relief**

Plaintiff seeks an injunction requiring the Defendant to eliminate all non-stormwater discharges and implement measures necessary to reduce pollutants in storm water discharges to less than EPA Benchmark Values and applicable water quality standards, and comply with all the General Permit's monitoring, reporting and management requirements, including updating and implementing SWPPPs and MRPs.

Plaintiff also asks that the Court impose civil penalties pursuant to CWA section 309(d) of the Act, 33 U.S.C. § 1319(d).  In calculating the amount of civil penalties, the Court should consider the maximum penalty ($32,500 per day per violation) as well as Defendant's economic benefit from not complying with the CWA, Defendant's history of violations or efforts to comply, and the adequacy of the penalty to deter future violations.

Finally, Plaintiff seeks costs and attorneys fees, with the latter set equal to the lodestar calculated employing the prevailing commercial rates charged by attorneys in the San Francisco legal market with comparable experience to Plaintiff's counsel times the number of hours Plaintiff's counsel reasonably spent representing Plaintiff in this matter.

**2.    Defendant's Response**

Defendant seeks Plaintiff's Complaint be dismissed in its entirety.

**SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION**

The parties have filed a Joint Stipulation and Proposed Order regarding ADR, and are working in good faith to reach a settlement. Plaintiff sent Defendant a written settlement offer on August 17, 2007. Defendant's counsel received the settlement offer on August 17, 2007, and is attempting to arrange a meeting with Action Metal to evaluate the settlement offer. Defendant anticipates providing Plaintiff with a response.

**CONSENT TO MAGISTRATE JUDGE**

The Parties consent to proceed before a magistrate judge.

**OTHER REFERENCES**

This case may not be suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**NARROWING OF ISSUES**

Plaintiff advocates bifurcation of proceedings in this case into liability and remedy phases, with litigation on remedy (other than preliminary injunctive relief) held in abeyance until liability has been established. This case would proceed most efficiently if bifurcated, because liability can be decided promptly by the court, while questions of remedy may require deeper inquiry and investment of resources by the parties. Therefore Plaintiff proposes bifurcating the case as a means of narrowing the issues to be decided at once. Defendant concurs that bifurcation of the proceedings is logical in this matter.

**SCHEDULING**

Plaintiff proposes that the parties limit their discovery in the liability phase of the proceeding to matters reasonably calculated to lead to admissible evidence on questions of liability or preliminary injunctive relief, except that the parties may conduct discovery on matters that are related to both liability and remedy under this claim during the liability phase. Defendant proposes the parties limit their discovery during the liability phase to matters of liability, preliminary injunctive relief, standing, and either party's previous involvement in similar Clean Water Act litigation or proceedings.

Plaintiff proposes the following case schedule for the liability phase of this case (with the schedule for the remedy phase of the case to be set after the liability phase is concluded). Defendant concurs with Plaintiff's proposed case schedule except where parenthetically noted.

- Deadline for Propounding Fact Discovery:  April 17, 2008
- Deadline for Filing Motions for Leave to Amend Pleadings or Add Parties:  May 16, 2008
- Deadline for Designation of Expert Witnesses:  May 19, 2008
- Deadline for Serving Expert Witness Reports:  June 23, 2008
- Deadline for Designation of Rebuttal Expert Witnesses:  July 18, 2008
- Deadline for Serving Rebuttal Expert Witness Reports:  August 18, 2008
- Deadline for Propounding Expert Discovery/Noticing Expert Depositions:  October 7, 2008
- Deadline for Filing Dispositive Motions:  October 7, 2008 (counsel shall not calendar such motions for hearing any later than October 13, 2008)
- Deadline for Counsel to Meet and Confer Concerning Proposed Trial Exhibits, Witness Lists and Summaries of Expected Witness Testimony and Motions in Limine:  November 14, 2008
- Deadline for Filing Motions in Limine:  December 1, 2008
- Deadline to Submit Joint Pretrial Conference Statement (which shall include Proposed Trial Exhibits, Witness Lists and Summaries of Expected Witness Testimony):  December 22, 2008
- Pretrial Conference:  January 12, 2009
- Trial Date:  February 9, 2009

**TRIAL**

Plaintiff is not requesting a jury trial.  Plaintiff anticipates a one day bench trial on liability issues.  Defendant is demanding a jury trial.  Defendant believes a jury trial will take two to three

1  days.

2  **SERVICE LIST**

3
4  Shana Lazerow
   Philip Huang
   COMMUNITIES FOR A BETTER ENVIRONMENT
5  1440 Broadway Suite 701
   Oakland, California 94612
6  Tel: (510) 302-0430
   Fax: (510 302-0438
7  e-mail: phuang@cbecal.org

8  C.D. Michel
   W. Lee Smith
9  Trutanich · Michel, LLP
   Attorneys for Action Metal Recycling, Inc.
10 180 East Ocean Boulevard, Suite 200
   Long Beach, California 90802
11 Tel: (562) 216-4444
   Fax: (562) 216-4445
12 e-mail: lsmith@tmllp.com

13

14 **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

15         Plaintiff and Defendant have filed their "Certification of Interested Entities or Persons"

16 required by Civil Local Rule 3-16.  There are no other entities known by Plaintiff or Defendant to

17 have either: (i) a financial interest in the subject matter in controversy or in a party to the

18 proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of

19 the proceeding.

20

21

22

23

24 Dated: August 20, 2007          _____/s/_____
25                                 Philip Huang
                                   Attorney for Plaintiff
26                                 COMMUNITIES FOR A BETTER ENVIRONMENT

27

28

1    Dated: August 20. 2007            _____/s/_____
2                                      W. Lee Smith
                                       TRUTANICH MICHEL, LLP
3                                      Attorney for Defendant
                                       ACTION METAL RECYCLING, INC
4

5    **IT IS SO ORDERED.**

6

7    Date: _____            _____
                                      Honorable Joseph C. Spero
8                                     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28