

**U.S. Department of Justice**

Environment and Natural Resources Division

90-1-24-177-02448:BMCL:rcd

*Law and Policy Section*　　　　　　　　　　　　　　　　　　　　　　　*Telephone (202) 514-1442*
*P.O. Box 4390*　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Facsimile (202) 514-4231*
*Washington, DC  20044-4390*

May 7, 2008

Clerk's Office
U.S. District Court
Northern District of California, San Francisco
Phillip Burton United States Courthouse
450 Golden Gate Avenue - 16th Floor
San Francisco, CA 94102-3434
Phone:  415-522-2000

　　　　Re:　　Communities for a Better Environment v. Action Metal Recyling, Inc.,
　　　　　　　　United States District Court for the Northern District of California
　　　　　　　　(San Francisco) Case No. 3:07-CV-2768

Dear Clerk:

　　　　On April 29, 2008, the United States Department of Justice's citizen suit coordinator received a copy of a proposed consent judgment in the above-referenced case for review pursuant to the Clean Water Act, 33 U.S.C. § 1365(c)(3). This provision provides, in relevant part:

> No consent judgment shall be entered in an action in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the Attorney General and the Administrator.

See also 40 C.F.R, § 135.5 (service on citizen suit coordinator under CWA).  A settlement that does not undergo this federal review period is at risk of being void.

　　　　The United States is currently reviewing the proposed consent judgment.  Meanwhile, the United States affirms for the record that, under prevailing law, it is not bound by this settlement. See, e.g., Martin v. Wilks, 490 U.S. 755, 762 (1989) ("A judgment or decree among parties to a lawsuit resolves issues as among them, but does not conclude the rights of strangers to those proceedings"); Hathorn v. Lovorn, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound by cases to which he was not a party); United States v. Atlas Powder, 26 Env't Rep. Cas. (BNA) 1391 (E.D. Pa. 1987) ("The United States is not bound by settlement agreements or

judgments in cases to which it is not a party"); 131 Cong. Rec. S15,633 (June 13, 1985) (statement of Senator Chafee confirming that the United States is not bound by settlements when it is not a party); 28 U.S.C. §§ 516, 519.

If a final consent judgment is entered in this case, the United States respectfully requests that the undersigned, and Ms. Saundra Doyle (address below), be served with a signed copy.

>Ms. Saundra Doyle
>Debt Collection Specialist
>Environment & Natural Resources Division
>Executive Office
>P.O. Box 7754
>Washington, D.C.  20044-7754

If the United States has additional comments, they will be provided to the court and counsel of record by June 13, 2008.[1]

The United States also notes that, if the parties subsequently propose to modify any final consent judgment entered in this case, the parties should so notify the United States, and provide the United States with a copy of the proposed modifications, forty-five days before the court enters any such modifications.  See 33 U.S.C. § 1365(c)(3).

Please contact the undersigned at (202) 305-0544 if you have any questions.

>Sincerely,
>
>_/s/_____
>Bradford T. McLane, Attorney Advisor
>U.S. Department of Justice
>Environment and Natural Resources  Division
>Law and Policy Section
>P.O. Box 4390
>Washington, D.C.  20044-4390

cc:     Counsel of Record via CM/ECF System

---

[1] This date assumes that the Administrator of the Environmental Protection Agency received a copy of the proposed consent judgment on or before the date it was received by the Department of Justice.  If the EPA received its copy later than the Department of Justice (which would extend the date for comments), the United States will inform the court and the parties.